UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
VARILEASE FINANCE, INC. et al., :
:
                    Plaintiffs, :
:      25-CV-913 (JMF)
        -v- :
:    MEMORANDUM OPINION
FCS ADVISORS, LLC D/B/A BREVET CAPITAL :       AND ORDER
ADVISORS, :
:
                    Defendant. :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This case — brought by Plaintiffs Varilease Finance, Inc. and VFI KR SPE I LL (together, "Varilease") against Defendant FCS Advisors, LLC, which does business as Brevet Capital Advisors ("Brevet") — involves a dispute over the priority of purported liens to the assets of a third-party, Intercontinental Capital Group, Inc. ("ICG"). *See* ECF No. 19 ("Complaint"). Specifically, Varilease seeks a declaration that its lien on ICG's assets — "including, but in no way limited to, rights with respect to" ICG's claims to a federal Employee Retention Tax Refund ("ERTC") — is superior to any lien that Brevet may have on the same assets. *Id.* Prayer for Relief; *see id.* ¶¶ 22, 32-36. Brevet now moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to partially dismiss for lack of subject-matter jurisdiction. *See* ECF No. 22. Specifically, Brevet argues that Varilease's lawsuit is unripe or fails for lack of standing to the extent that Varilease seeks a declaratory judgment as to ICG's ERTC claims because those claims are the subject of ongoing litigation and thus uncertain. *See* ECF No. 23 ("Def.'s Mem."), at 5-7; ECF No. 29 ("Def.'s Reply"), at 2.

Upon review of the parties' submissions, the Court DENIES Brevet's motion. Put simply, ICG's entitlement to the ERTC may be unsettled, but Varilease seeks a declaration that its lien on *all* of ICG's assets is superior to Brevet's purported lien. That controversy is both "definite and concrete" and "real and substantial" and, thus, sufficient to support the Court's subject-matter jurisdiction. *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 353-54 (2d Cir. 2020) (per curiam) (internal quotation marks omitted); *see, e.g.*, *HSCM Bermuda Fund Ltd. v. Newco Cap. Grp. VI LLC*, 619 F. Supp. 3d 434, 442 (S.D.N.Y. 2022) ("Accepting Plaintiffs' allegation that they have a perfected security interest in [the disputed] assets that is superior to Defendant's interest, Plaintiffs have established a plausible claim for a declaratory judgment."). Assuming *arguendo* that it is good law, *M&M Transportation Co. v. U. S. Industries, Inc.*, 416 F. Supp. 865 (S.D.N.Y. 1976), upon which Brevet relies, *see* Def.'s Mem. 6, is distinguishable because there, unlike here, the *only* assets in dispute were assets "that [did] not presently exist and whose future existence [was] not a certainty," 416 F. Supp. at 870. Brevet fails to cite any authority suggesting that, in evaluating ripeness and standing, a court should slice and dice a plaintiff's claim and dismiss any portion that is unsettled. In fact, courts routinely exercise jurisdiction over claims even where the nature or extent of the relief to which the plaintiff may be entitled is uncertain. *See, e.g.*, *Olympus Sec., LLC v. United Fiber & Data, LLC*, No. 16-CV-1931 (VEC), 2016 WL 6068200, at *2 (S.D.N.Y. Oct. 14, 2016) ("[S]o long as [the plaintiff] pleads a present and already occurring breach, the fact that its damages or the extent of the breach remain uncertain is not a reason for the Court to find that [the plaintiff's] claim is unripe." (emphasis omitted)); *Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 262 (S.D.N.Y. 2010) (holding that courts can exercise jurisdiction where a plaintiff seeks a declaration regarding insurance coverage "even if the insured has not yet incurred any liability"); *Tomoka Re Holdings, Inc. v.*

*Loughlin*, No. 03 CIV. 4904 (NRB), 2004 WL 1118178, at *4 (S.D.N.Y. May 19, 2004) (holding that "the availability of declaratory relief" was unaffected by the fact that certain damages were "contingent and as-yet unspecifiable").

Accordingly, Brevet's Rule 12(b)(1) motion must be and is DENIED. Unless and until the Court orders otherwise, Brevet shall file its Answer **within two weeks of the date of this Memorandum Opinion and Order**. *See* Fed R. Civ. P. 12(a)(4)(A). In addition, the initial pretrial conference, previously adjourned, is hereby reinstated and RESCHEDULED for **August 26, 2025**, at **9:00 a.m.** To access the conference, counsel should call the Court's dedicated conference call line at (855) 244-8681 and use access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again. The parties are reminded to follow the procedures for telephone conferences described in the Court's Individual Rules and Practices for Civil Cases, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman, including Rule 3(B)(i), which requires the parties, no later than twenty-four hours before the conference, to send a joint email to the Court with the names and honorifics (e.g., Mr., Ms., Dr., etc.) of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call. The parties are reminded that, no later than the Thursday before the initial pretrial conference, they must submit a joint status letter and proposed Case Management Plan. *See* ECF No. 7.

The Clerk of Court is directed to terminate ECF No. 22.

SO ORDERED.

Dated: July 29, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3